UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VOTE.ORG, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GEORGIA STATE ELECTION BOARD, *et al.*, <br><br> *Defendants*, <br><br> GEORGIA REPUBLICAN PARTY, INC.; and REPUBLICAN NATIONAL COMMITTEE, <br><br> *Intervenor-Defendants*. | Civil Action No. 1:22-cv-01734-JPB |

COMES NOW Georgia Republican Party, Inc., and Republican National Committee, Intervenor-Defendants in the above-styled action, and files this Answer. Please note that this Answer is identical to Intervenor-Defendants' Proposed Answer originally filed with this Court on July 12, 2022 [CM/ECF Doc. 35-2], thereby placing all parties of record on notice of Intervenor-Defendants' affirmative defenses and answers to Plaintiffs' allegations.

## INTERVENOR-DEFENDANTS' ANSWER

For their Answer to the Plaintiffs' Complaint (Doc. 1) the Intervenors—the Georgia Republican Party, Inc. and the Republican National Committee—state as follows:

## PRELIMINARY STATEMENT

Unless expressly admitted below, every allegation in the Complaint is denied. When Intervenors say something "speaks for itself," they mean that they lack sufficient information to admit or deny the allegation; because Plaintiffs cite nothing, Intervenors do not know whether the referenced material exists, is accurate, or is placed in the proper context.

## ANSWERS

1. To the extent Paragraph 1 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

2. To the extent Paragraph 2 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

3. To the extent Paragraph 3 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

4. To the extent Paragraph 4 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

5. To the extent Paragraph 5 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

6. To the extent Paragraph 6 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

7. To the extent Paragraph 7 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

8. Admitted that Plaintiffs bring this action under 52 U.S.C. § 10101 and 42 U.S.C. §§ 1983 and 1988, but denied that the Plaintiffs have a valid claim under any statute.

9. Paragraph 9 contains legal arguments to which no response is required.

10. Paragraph 10 contains legal arguments to which no response is required.

11. Paragraph 11 contains legal arguments to which no response is required.

12. Paragraph 12 contains legal arguments to which no response is required.

13. Intervenors lack sufficient information to admit or deny this allegation.

14. Intervenors lack sufficient information to admit or deny this allegation.

15. Intervenors lack sufficient information to admit or deny this allegation.

16. Intervenors lack sufficient information to admit or deny this allegation.

17. Intervenors lack sufficient information to admit or deny this allegation.

18. Intervenors lack sufficient information to admit or deny this allegation.

19. Intervenors lack sufficient information to admit or deny this allegation.

20. Intervenors lack sufficient information to admit or deny this allegation.

21. Intervenors lack sufficient information to admit or deny this allegation.

22. Admitted.

23. To the extent Paragraph 23 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

24. To the extent Paragraph 24 quotes from a public record, that record speaks for itself. Intervenors lack sufficient information to admit or deny any remaining allegations.

25. To the extent Paragraph 25 quotes from a public record, that record speaks for itself. Intervenors lack sufficient information to admit or deny any remaining allegations.

26. To the extent Paragraph 26 contains legal arguments, no response is required. To the extent Paragraph 26 quotes a cited authority, that authority speaks for itself. Intervenors lack sufficient information to admit or deny any remaining allegations

27. Admitted that SB 202 is now law. To the extent Paragraph 27 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

28. To the extent Paragraph 28 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

29. To the extent Paragraph 29 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

30. To the extent Paragraph 23 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

31. Intervenors repeat and re-allege their responses in Paragraphs 1 through 30.

32. The cited authority speaks for itself.

33. Paragraph 33 contains legal arguments, to which no response is required.

34. Paragraph 34 contains legal arguments, to which no response is required.

35. To the extent Paragraph 23 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

36. To the extent Paragraph 23 contains legal arguments, no response is required. Intervenors lack sufficient information to admit or deny any remaining allegations.

37. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that the Plaintiffs are entitled to their requested relief.

## AFFIRMATIVE DEFENSES

1. The allegations in the Complaint fail to state a claim.

2. The Plaintiffs' requested relief is barred by the *Purcell* doctrine.

Dated: August 11, 2022                Respectfully submitted,

                                      /s/ *William Bradley Carver, Sr.*
Harmeet K. Dhillon*                   William Bradly Carver, Sr.
DHILLON LAW GROUP, INC.               Georgia Bar No. 115529
177 Post Street, Suite 700            HALL BOOTH SMITH, P.C.
San Francisco, California 94108       191 Peachtree Street, NE, Suite 2900
Telephone: 415.433.1700               Atlanta, Georgia 30303
Facsimile: 415.520.6593               Telephone: 404.854.6967
harmeet@dhillonlaw.com                bcarver@hallboothsmith.com

David A. Warrington*

7

Gary M. Lawkowski
DHILLON LAW GROUP, INC.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Phone: 703.574.1206
Facsimile: 415.520.6593
dwarrington@dhillonlaw.com
glawkowski@dhillonlaw.com


*Application for admission
pro hac vice forthcoming


*Counsel for Intervenor-Defendants Georgia Republican Party, Inc. and Republican National Committee*

# CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

Pursuant to N.D. Ga. L.R. 5.1(C), I prepared the foregoing in Century Schoolbook font and 13-point type.  I electronically filed it using CM/ECF, thus electronically serving all counsel of record.

Dated:  August 11, 2022

Harmeet K. Dhillon*
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: 415.433.1700
Facsimile: 415.520.6593
harmeet@dhillonlaw.com

David A. Warrington*
Gary M. Lawkowski
DHILLON LAW GROUP, INC.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Phone: 703.574.1206
Facsimile: 415.520.6593
dwarrington@dhillonlaw.com
glawkowski@dhillonlaw.com

/s/ *William Bradley Carver, Sr.*
William Bradly Carver, Sr.
Georgia Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Telephone: 404.854.6967
bcarver@hallboothsmith.com

*\*Application for admission pro hac vice forthcoming*

*Counsel for Intervenor-Defendants Georgia Republican Party, Inc. and Republican National Committee*