UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VOTE.ORG; GEORGIA ALLIANCE FOR RETIRED AMERICANS; and PRIORITIES USA,<br><br>                Plaintiffs,<br>v.<br><br>GEORGIA STATE ELECTION BOARD; EDWARD LINDSEY, JANICE W. JOHNSTON, SARA TINDALL GHAZAL, and MATTHEW MASHBURN, in their official capacities as members of the Georgia State Election Board; and CATHY WOOLARD, KATHLEEN D. RUTH, AARON V. JOHNSON, MARK WINGATE, and TERESA K. CRAWFORD in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>                Defendants. | Case No. 1:22-cv-01734-JPB |

**PLAINTIFFS' CONSENT MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND TO EXTEND DISCOVERY**

VOTE.ORG, GEORGIA ALLIANCE FOR RETIRED AMERICANS, and PRIORITIES USA (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Memorandum of Law in Support of their Consent Motion for Leave to File an Amended Complaint and to Extend Discovery. Plaintiffs move under

1

Federal Rule of Civil Procedure 16(b)(4) to extend discovery through February 7, 2024.

With the consent of all parties, Plaintiffs move under Rules 15, 20, and 21 to file their Amended Complaint. Plaintiffs seek leave to amend their Complaint to make two changes, adding: (1) a new plaintiff, Communications Workers of America Local 3204, Retired Members Council ("CWA-RMC"); and (2) new defendants, the DeKalb County Board of Registration & Elections and its members: Vasu Abhiraman, Nancy Jester, Anthony Lewis, Susan Matter, and Karli Swift, in their official capacities (collectively, the "DeKalb County Board").

## BACKGROUND

On May 2, 2022, Plaintiffs filed suit challenging the Pen and Ink Rule, O.C.G.A. § 21-2-381(a)(1)(C)(i). ECF No. 1.

Following State Defendants' motion to dismiss, ECF No. 36, and Plaintiffs' opposition, ECF No. 38-1, this Court stayed discovery pending resolution of the motion. ECF No. 55. On March 9, 2023, this Court issued its order denying State Defendants' Motion to Dismiss and marking the start of discovery with a close date of November 9, 2023. ECF No. 59. Thereafter, on May 11, Plaintiffs issued formal written discovery requests to both State Defendants and Fulton County Defendants. *See* ECF No. 70.

Plaintiffs also served nonparty subpoenas to Gwinnett County, Cobb County, and DeKalb County, to identify instances in which the counties rejected absentee ballot applications under the Pen and Ink Rule. Gwinnett County completed its production on August 25, 2023; DeKalb County completed its production on September 1, 2023. DeKalb County's document production revealed a substantial number of absentee ballot applications rejected as a result of the Pen and Ink Rule, confirmed by a subsequent analysis performed by Plaintiffs' expert, Dr. Kenneth Mayer, as set forth in his September 22 report. *See* ECF No. 88. However, despite ongoing efforts to confer with Cobb County to obtain a complete production, Plaintiffs still have not received a complete response to their subpoena, even though the county made a partial production on November 2, 2023.

In light of the information obtained through Dekalb County's production, prospective plaintiff CWA-RMC—an affiliate of the Georgia Alliance for Retired Americans—also seeks to assert claims against DeKalb County on behalf of its members. Because CWA-RMC and its membership are affiliates of GARA, CWA-RMC's members may cast votes for the leadership of GARA, and to alter or amend GARA's bylaws. CWA-RMC members may participate in all GARA activities and are eligible to hold any executive offices in GARA. CWA-RMC and its members were charter signatories of GARA when it formed in 2010. As such, Plaintiffs now

seek leave to add CWA-RMC as a party to ensure its members' rights are adequately protected.

Plaintiffs have conferred with counsel for Defendants and Intervenors, all of whom consent to this motion contingent upon the extension of the close of discovery to February 7, 2024, and the deadline to file dispositive motions to March 7, 2024.

## LEGAL STANDARD

Rule 16 governs amendments to a scheduling order, which may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 15(a)'s liberal standard governs motions for leave to amend pleadings. *Bowers v. Am. Heart Ass'n, Inc.*, 513 F. Supp. 2d 1364, 1367 (N.D. Ga. 2007). Under Rule 15(a)(2), parties may amend with the opposing parties' written consent or the court's leave. Leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a), absent a showing of undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. *Rivera v. Stroup*, No. 1:19-CV-03052-JPB, 2019 WL 13227185, at *1 (N.D. Ga. Oct. 18, 2019).

To add additional parties in a motion for leave to amend, the movant must also demonstrate compliance with Rules 20 and 21 governing the addition of parties. *Rivera,* No. 1:19-CV-03052-JPB, at *1. Rule 15(a)'s standard applies to motions

seeking to add or remove a party pursuant to Rule 21. *Id.* (citing *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1255 (11th Cir. 1998)).

To demonstrate compliance with Rule 20, under which courts must "employ a liberal approach," the movant must show (1) prospective claims arise from "the same transaction, occurrence, or series of transactions or occurrences," and (2) any question of law or fact common to all prospective parties will arise in the action. *Mathews v. Home Depot USA, Inc.*, No. 1:22-CV-02605-ELR, 2023 WL 2731721, at *12 (N.D. Ga. Feb. 22, 2023) (quoting Fed. R. Civ. P. 20(1)(A)-(B)).

## ARGUMENT

### I. Plaintiffs have good cause to seek modification of the Court's scheduling order.

Plaintiffs have met Rule 16's standard to modify the Court's scheduling order because, despite Plaintiffs' continued diligence, discovery of new facts, delayed productions, and a lack of mutually available dates have made it impossible for the parties to maintain the current schedule.

*First*, the addition of new parties—identified because of Plaintiffs' proactive discovery efforts—may require additional time for the arrangement of depositions at a time convenient for all parties. Plaintiffs learned that the DeKalb County Board has rejected a significant number of absentee ballot requests for noncompliance with the Pen and Ink Rule, which particularly impacts members of CWA-RMC—who are voting affiliates of GARA free to hold executive offices in the organization and

participate in all GARA activities—who reside in Dekalb County and are affected by the DeKalb County Board's ongoing enforcement of the Rule.

*Second*, Plaintiffs require additional time to complete discovery related to the Cobb County Board's enforcement of the Pen and Ink Rule due to delays in production from the county. Plaintiffs have conferred with Cobb County Board's counsel several times in the hopes of resolving any discovery disputes without the Court's involvement. Those good faith efforts are ongoing, and although Cobb County produced additional documents responsive to the subpoena on November 2, 2023, its document production appears to be incomplete.

*Third*, Plaintiffs have diligently pursued other aspects of discovery, including written discovery of other parties and nonparties. *Cf. Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 7962612, at *5 (S.D. Fla. Oct. 4, 2011) (finding plaintiff lacked good cause because plaintiff did not conduct written discovery while waiting to schedule depositions). While balancing their pursuit of Cobb County's production, Plaintiffs have continued to engage in written discovery with State and County Defendants, to review productions from the Gwinnett and DeKalb County boards and the incomplete portions of Cobb County's production, to find mutually available deposition dates with all Defendants, and all parties have completed their expert disclosures.

**II.   The Court should grant leave to amend the Complaint.**

    **A. There are no substantial circumstances that merit denial.**

All parties consent to Plaintiffs' motion to file an amended complaint; accordingly, Plaintiffs are entitled to file the complaint without leave of court. *See* Fed. R. Civ. P. 15(a)(2). In any event, Plaintiffs' amendments do not impose any undue prejudice on Defendants, who have consented to this motion, because the proposed changes would not alter any party's fundamental theory of the case or add new claims. *See Black v. Madderdom*, No. 3:22-CV-19 (CAR), 2023 WL 5751434, at *3 (M.D. Ga. Sept. 6, 2023). As such, there is no specific and substantial reason justifying denial of leave to amend. *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).

Plaintiffs are also seeking leave for the first time and at the earliest possible instance, *see supra* at 2-3. Plaintiffs are acting in good faith and without undue delay, as the amendments are being made based on information Plaintiffs could not have known without discovery, *see Labas Ventures, LLC v. Butterfly Agency, LLC*, No. 1:20-CV-03889-ELR, 2021 WL 4866997, at *7 (N.D. Ga. Aug. 4, 2021); *see also supra* at 3.

Plaintiffs' proposed amendments, moreover, are not futile as they can withstand a motion to dismiss: The claims are identical to those this Court found colorable in denying Defendants' motion to dismiss. *Bowers*, 513 F. Supp. 2d at 1369. Finally, Plaintiffs have not previously moved to amend pleadings in this matter to cure deficiencies or for any other reason.

### B. CWA-RMC's claims and allegations against Defendants and prospective defendant DeKalb County meet the requirements of Rule 20.

CWA-RMC and Plaintiffs meet both requirements set forth in Rule 20, which require that they show (1) "a right to relief arising out of the same transaction [or] occurrence," and (2) "some question of law or fact common to all persons seeking to be joined." *Glen v. Galardi S. Enters.*, No. 1:13–cv–3670–WSD, 2015 WL 1308258, at *4 (N.D. Ga. Mar. 23, 2015). Plaintiffs satisfy both prongs.

Plaintiffs meet the first requirement because both CWA-RMC and Plaintiffs have a complete identity of claims—that the Pen and Ink Rule violates the Materiality Provision—against existing Defendants and the DeKalb County Board, which weighs heavily in favor of joinder. *See Mathews*, 2023 WL 2731721, at *12. As a result, CWA-RMC and Plaintiffs seek relief against the DeKalb County Board and the current Defendants on the basis of "logically related" events—the implementation and enforcement of the Pen and Ink Rule. *See Labas*, 2021 WL 4866997, at *7. For similar reasons, Plaintiffs also meet the second requirement— "that *some* question of law or fact be common to all parties," *Glen*, 2015 WL 1308258, at *5 (emphasis in the original).

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their Consent Motion and grant them leave to file the attached Amended Complaint for Declaratory and Injunctive Relief. A proposed order is attached.

| | |
|---|---|
| Dated: November 3, 2023 | Respectfully submitted, |

| | |
|---|---|
| Adam M. Sparks<br>Georgia Bar No. 341578<br>John F. Cartwright*<br>KREVOLIN & HORST, LLC<br>1201 W. Peachtree St., NW<br>One Atlantic Center, Suite 3250<br>Atlanta, GA 30309<br>Telephone: (404) 888-9700<br>Facsimile: (404) 888-9577<br>sparks@khlawfirm.com<br>cartwright@khlawfirm.com | /s/ *Uzoma N. Nkwonta*<br>Uzoma N. Nkwonta*<br>Michael Jones<br>Georgia Bar No. 721264<br>Noah Baron*<br>Marcos Mocine-McQueen*<br>Meaghan Mixon*<br>ELIAS LAW GROUP<br>250 Massachusetts Ave. NW<br>Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>unkwonta@elias.law<br>mjones@elias.law<br>nbaron@elias.law<br>mmcqueen@elias.law<br>mmixon@elias.law<br>*Counsel for Plaintiffs*<br>*Admitted *pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing **PLAINTIFFS' CONSENT MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND TO EXTEND DISCOVERY** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

Dated: November 3, 2023          */s/ Uzoma Nkwonta*
                                 *Counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing **PLAINTIFFS' CONSENT MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND TO EXTEND DISCOVERY** has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using font type of Times New Roman and a point size of 14.

Dated: November 3, 2023        */s/ Uzoma Nkwonta*
                               *Counsel for Plaintiffs*