UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VOTE.ORG, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GEORGIA STATE ELECTION<br>BOARD, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:22-CV-01734-JPB |

### ORDER

Plaintiffs[1] filed this action against Defendants[2] on May 2, 2022. [Doc. 1]. Plaintiffs filed an Amended Complaint on November 7, 2023. [Doc. 96]. The Amended Complaint challenges a provision of Georgia law which requires those voters who wish to vote absentee in Georgia to sign an oath contained on the absentee ballot application in "pen and ink" (hereinafter referred to as the "Pen-and-Ink Requirement"). According to Plaintiffs, the Pen-and-Ink Requirement violates § 1971 of the Civil Rights Act of 1964, codified at 52 U.S.C. §

---

[1] Plaintiffs include Vote.org, Georgia Alliance for Retired Americans, Communications Workers of America Local 3204 Retired Members Council and Priorities USA.

[2] Defendants are the Georgia State Election Board and its members ("State Defendants"); the Fulton County Registration and Elections Board and its members ("Fulton Defendants"); and the DeKalb County Board of Registration and Elections and its members ("DeKalb Defendants").

10101(a)(2)(B) (the "Materiality Provision").  The Materiality Provision prohibits any "person acting under color of law" from

> deny[ing] the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election.

52 U.S.C. § 10101(a)(2)(B).

On March 7, 2024, State Defendants filed a Motion for Summary Judgment.[3]  [Doc. 156].  In pertinent part, State Defendants argued that Plaintiffs lack Article III standing because they are unable to establish any injury traceable to or addressable by them.  State Defendants further asserted that they are entitled to summary judgment on the merits of Plaintiffs' claims because the Materiality Provision applies only to determinations of whether a voter is qualified to vote, and not to the mechanics of voting.  Plaintiffs also filed a Motion for Summary Judgment.  [Doc. 159].  Like State Defendants, Plaintiffs addressed the traceability and redressability requirements of standing and the proper application of the Materiality Provision.  The United States filed a Statement of Interest on April 18,

---

[3] DeKalb Defendants joined State Defendants' Motion for Summary Judgment on March 21, 2024.  [Doc. 178].

2

2024, addressing the scope and enforcement of the Materiality Provision. [Doc. 195].

As the parties are likely aware, pending before this Court are several election cases related to Senate Bill 202 ("S.B. 202"). Particularly relevant here, in Sixth District of the African Methodist Episcopal Church v. Kemp, No. 1:21-cv-1284-JPB, and Georgia State Conference of the NAACP v. Raffensperger, No. 1:21-cv-1259 (collectively, "the Consolidated Cases"), the plaintiffs brought suit challenging a provision of S.B. 202 that requires voters to put their date of birth on the outer envelope of an absentee ballot (hereinafter referred to as "the Birthdate Requirement").[4] In the Consolidated Cases, the plaintiffs assert that the Birthdate Requirement violates the Materiality Provision and even sought a preliminary injunction to enjoin the law.

The Court granted in part and denied in part the motion for preliminary injunction on August 18, 2023. See In re Georgia Senate Bill 202, 1:21-mi-55555-JPB (N.D. Ga. Aug. 18, 2023). Significantly, the Court determined that the plaintiffs did not show traceability or redressability as to State Defendants,[5] and therefore denied the request for a preliminary injunction as to State Defendants.

---

[4] Other provisions were challenged too, but they are not relevant to this order.

[5] State Defendants are the same in both cases. The plaintiffs, however, are different.

3

After finding that the plaintiffs had standing against the remaining defendants (select counties and county election officials), the Court concluded that the plaintiffs were substantially likely to succeed on the merits of their claim that the Birthdate Requirement violated the Materiality Provision.  The Court thus granted an injunction against several county defendants.

The Republication National Committee, the National Republican Senatorial Committee, the Georgia Republican Party, Inc. and the National Republican Congressional Committee ("Intervenor Defendants")[6] appealed the preliminary injunction order on September 18, 2023.  State Defendants and the plaintiffs also appealed.  The appeals are currently pending before the Eleventh Circuit Court of Appeals.

Given the similarity of the issues involved in the instant case and the cases on appeal, the Court is contemplating staying consideration of the pending motions and this case until the Eleventh Circuit resolves the appeals in the Consolidated Cases.  As a general rule, a district court has "broad discretion to stay proceedings as . . . incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997).  Indeed, the Eleventh Circuit has stated that stays are appropriate "to await a federal appellate decision that is likely to have a substantial or

---

[6] Intervenor Defendants are the same in both cases.

4

controlling effect on the claims and issues in the stayed case." <u>Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.</u>, 559 F.3d 1191, 1198 (11th Cir. 2009).  In the Court's view, the Eleventh Circuit's upcoming decision in the Consolidated Cases will address whether Plaintiffs in this case can establish the traceability and redressability requirements as to State Defendants and should clarify the proper application and scope of the Materiality Provision.  In short, the Court believes that the Eleventh Circuit's ruling in the Consolidated Cases will have a "substantial or controlling effect" on the issues in this case.

The Court, however, does not want to stay this case without first having input from the parties.  Consequently, within one week of this order, the parties are directed to meet and confer as to whether a stay is appropriate.  If any party, including Intervenors or the United States, objects to the stay, they may file their objection no later than December 18, 2024.  Responses to the objections, if any, shall be filed no later than December 23, 2024.

**SO ORDERED** this 5th day of December, 2024.

_J. P. Boulee_
J. P. BOULEE
United States District Judge